UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sheila Ann Yennie, | Case No. 23-cv-1702 (WMW/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| United States of America, | |
| Defendant. | |

This matter is before the Court on Plaintiff Sheila Ann Yennie's objection to this Court's jurisdiction and Defendant United States of America's motion to dismiss. For the reason addressed herein, the motion is granted.

## BACKGROUND

In a previous action filed by the United States against Plaintiff Sheila Yennie and her ex-husband, the United States obtained a tax lien on property owned by Yennie and her ex-husband. *United States v. Yennie et al.*, Case No. 18-cv-3268 (D. Minn.) ("*Yennie I*"). Yennie initiated this action in Goodhue County District Court against the United States, seeking relief from the Court's previous judgment in Case No. 18-cv-3268 and an order barring the United States from collecting against the property. The United States removed this case to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1442(a)(1). Yennie objects to this Court's jurisdiction, and the United States moves to dismiss Yennie's complaint.

## ANALYSIS

### I. Federal Jurisdiction

Yennie objects to the removal of this action, arguing that she does not consent to the Court's jurisdiction.

A civil action commenced in state court that is against or directed to the United States "for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for . . . the collection of the revenue" may be removed by the United States to the district court of the United States for the district and division embracing the place wherein the civil action is pending. 28 U.S.C. § 1442(a)(1). This right to removal is "absolute" when the defendant is the United States and when federal defenses are raised. *Arizona v. Manypenny*, 451 U.S. 232, 241, 242 (1981).

As Yennie brings a lawsuit against the United States, removal to the United States District Court for the District of Minnesota is proper. Accordingly, Yennie's objection is overruled.

### II. Motion to Dismiss

To survive a motion to dismiss, a complaint must allege facts that, if accepted as true, establish a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss, the district court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). Although the factual allegations need not be detailed, they must be sufficient

to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A plaintiff may not rely on, nor may a district court consider, legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678-79.

Matters outside the pleadings generally may not be considered when deciding a motion to dismiss. *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012). However, a district court may consider documents necessarily embraced by the pleadings. *Id.* Materials are necessarily embraced by the pleadings when a complaint alleges the contents of the materials and no party questions their authenticity. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017). Because the *Yennie I* is part of the public record, the Court may properly consider that order in resolving the present motion to dismiss. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir.1999).

To determine the preclusive effect of a judgment on a case based on federal question jurisdiction, a federal court applies federal law. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Id.* at 892. "Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984). Claim preclusion, on the other hand, "operates to preclude a party from relitigating the same cause of action." *Wedow v. City of Kan. City, Mo.*, 442 F.3d 661, 669 (8th Cir.2006) (citing *Lundquist v. Rice Mem'l Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001)).

Issue preclusion bars parties from relitigating only those issues "that were actually litigated and necessary to the outcome of a prior judgment." *Jefferson Smurfit Corp. v.*

*United States*, 439 F.3d 448, 451 (8th Cir. 2006).  The claim preclusion aspect of res judicata "bars claims that were or could have been litigated in the earlier proceeding." *Wedow*, 442 F.3d at 669; *see also Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.").

To establish that res judicata bars a claim, the party seeking to invoke the doctrine must show: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs.*, 533 F.3d 634, 639 (8th Cir. 2008) (internal quotation marks omitted).  If the elements of res judicata are met, "the parties are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.'" *Lundquist*, 238 F.3d at 977 (quoting *C.I.R. v. Sunnen*, 333 U.S. 591, 597 (1948)).

All four elements of res judicata are met here.  First, *Yennie I* resulted in a final judgment on the merits.  *United States v. Yennie et al.*, Case No. 18-cv-3268, Dkt. 222 (D. Minn.).  Second, this Court concluded that jurisdiction was proper in *Yennie I*.  Third, it is undisputed that *Yennie I* involved both parties here.  Finally, *Yennie I* and this lawsuit arise from the same set of facts and claims—whether a federal tax lien properly attached to Yennie's interest in the property in dispute and whether the property could be sold to satisfy

Joseph Yennie's tax debt.  Res judicata, therefore, bars Yennie's claims.  Accordingly, the United States's motion to dismiss is granted.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Sheila Yennie's objection to this Court's jurisdiction, (Dkt. 17), is **OVERRULED**;

2. Defendant United States's motion to dismiss, (Dkt. 10), is **GRANTED**; and

3. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November  16, 2023                    s/ Wilhelmina M. Wright
                                             Wilhelmina M. Wright
                                             United States District Judge